UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CRAIG JOHNSON, | Case Nos. 15-CV-4319 (JRT/LIB) |
| | 15-CV-4320 (JRT/LIB) |
| Plaintiff, | |
| v. | |
| | REPORT AND RECOMMENDATION |
| CROW WING COUNTY SHERIFF'S DEPARTMENT, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Craig Johnson's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs in each case. Johnson v. Crow Wing County Sheriff's Department, 15-cv-4319, (JRT/LIB),[Docket No. 2]; Johnson v. Crow Wing County Sheriff's Department, 15-cv-4320, (JRT/LIB), [Docket No. 2].

Plaintiff recently initiated these two actions against the Crow Wing County Sheriff's Department. Johnson did not pay the required filing fee for either of those cases, but instead applied to proceed *in forma pauperis* ("IFP") in both. Those IFP applications are now before the Court and must be considered before any other action may be taken in these cases.

After review of the IFP applications, this Court concludes that Johnson qualifies financially for IFP status.[1] That said, an IFP application will be denied, and the action will be dismissed, when

---

[1] Johnson states in his IFP applications that he receives $12,000 each *month* in social security disability payments. The Court assumes that this is the *yearly* amount received by Johnson.

an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Neither of Johnson's complaints states a claim on which relief may be granted.  As an initial matter, the only named defendant in each complaint is the Crow Wing County Sheriff's Department.  But "'[s]heriff's departments and police departments are not usually considered legal entities subject to suit.'"  *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. App'x 436, 437 (8th Cir. 2001) (quoting *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).  Accordingly, any claims brought against the Crow Wing County Sheriff's Department must be dismissed without prejudice.  *Id*.

This is not the only problem with Johnson's complaints, however.  More fundamentally, neither complaint alleges facts amounting to a cause of action against any potential defendant.  The first complaint (Case No. 15-CV-4319) sets forth a largely incoherent narrative concerning Johnson's interaction with a state-court judge.  Even after reading Johnson's complaint with the

broadest possible construction, this Court cannot discern any potentially valid cause of action pleaded therein. The second complaint (Case No. 15-CV-4320) states only that the allegations are the "same as the [complaint] I mailed yesterday" — that is, the complaint filed in Case No. 15-CV-4319. Obviously, if the first complaint does not state a claim on which relief may be granted, the second (duplicative) complaint — which relies entirely on the allegations made in the first complaint — does not state a valid claim either.

Finally, this Court notes that *both* complaints appear to simply restate claims currently being prosecuted in a *third* federal lawsuit initiated by Johnson a few weeks ago against the Crow Wing County Sheriff's Department and the state-court judge. *See Johnson v. Crow Wing County Sheriff Department*, No. 15-CV-3901 (PJS/LIB). Thus, even if the complaints currently before the Court stated a claim on which relief may be granted — and as just explained, they do not — the complaints are duplicative of another pending action and are therefore frivolous. *See Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992); 28 U.S.C. § 1915(e)(2)(B)(i). For all those reasons, this Court therefore recommends that these actions be summarily dismissed without prejudice.[2]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

---

[2]This Court warns Johnson that although pro se litigants have a right of access to the courts, that right does not ensure an unrestricted opportunity to file frivolous, malicious, or repetitive lawsuits. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'") (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). The continued filing of duplicative lawsuits could result in restrictions being placed on Johnson's ability to file new actions in this District without prior approval of the Court.

1. Plaintiff's Complaint, [Docket No. 1], in <u>Johnson v. Crow Wing County Sheriff's Department</u>, 15-cv-4319, (JRT/LIB), be SUMMARILY DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B);

2. Plaintiff's application to proceed *in forma pauperis* [Docket No. 2], in <u>Johnson v. Crow Wing County Sheriff's Department</u>, 15-cv-4319, (JRT/LIB), be DENIED as moot;

3. Plaintiff's Complaint, [Docket No. 1], in <u>Johnson v. Crow Wing County Sheriff's Department</u>, 15-cv-4320, (JRT/LIB), be SUMMARILY DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B); and,

4. Plaintiff's application to proceed *in forma pauperis* [Docket No. 2], in <u>Johnson v. Crow Wing County Sheriff's Department</u>, 15-cv-4320, (JRT/LIB), be DENIED as moot.

Dated: December 21, 2015         s/ Leo I. Brisbois
                                 Leo I. Brisbois
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.